UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  13-10029-CR-Martinez/Garber

UNITED STATES OF AMERICA,

v.

JUAN BLANCO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from United States District Judge Jose E. Martinez to consider the appropriateness of Defense Counsel's CJA Voucher.

## FACTUAL BACKGROUND

Albert Z. Levin, Esquire, was appointed, pursuant to the Criminal Justice Act, to represent the defendant Juan Blanco.  Blanco was charged by Indictment as follows:  Count 1, Conspiring to Encourage and Induce Aliens to Enter the United States, in violation of Title 8, United States Code, section 1324(a)(1)(A)(v)(I); and Counts 62-103, Encouraging and Inducing Aliens to Enter the United States, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv); and Alien Smuggling for Private Financial gain, in violation of Title 8, Section 1324(a)(2)(B)(ii).  Following a jury trial covering a period of six days, the defendant was acquitted of all charges on March 5, 2014.  A Judgment of Acquittal was entered thereafter [DE 291].

## DISCUSSION

Mr. Levin was appointed, pursuant to the Criminal Justice Act, as defense counsel on October 11, 2013 and participated in this cause through the trial, held in Key West, and ultimate

acquittal on March 5, 2014, a period in excess of four months. During pretrial preparation and because of the complexity and extensive issues involved, Mr. Levin spent in excess of 8 hours conferring with his client who was detained in the Monroe County Jail in Key West. Mr. Levin's records reveal that he expended over 14 hours obtaining and reviewing records, over 3 hours on research, in excess of 21 hours for investigation and other matters, and in excess of 23 hours travel time between Miami and Key West. The record also reflects that Mr. Levin was in trial for a total of 42 hours including the jury's deliberation time.

Mr. Levin's time records were reviewed by the undersigned and the time expended and fees and costs claimed are all appropriate, necessary, and reasonable. This case, because of its complexity and large number of defendants, required the effort expended by Mr. Levin, who enjoys an excellent reputation in this Court as an outstanding trial attorney exercising a high level of ethics and professionalism.

Mr. Levin seeks an award of $16,958.51 for attorney's fees for out of court and in court time, travel time, and other designated expenses. Such amount is in excess of the statutory cap but is justified due to the complexity of the case, time expended on pre-trial preparation and discovery, and the trial of six days duration. The travel time from Miami to Key West and back and the length of the trial caused the claim to exceed the statutory cap.

## **CONCLUSION AND RECOMMENDATION**

For the reasons set forth above and based upon the Court's review of the record, time sheets, and having determined that Mr. Levin's requests are appropriate, the undersigned respectfully RECOMMENDS that Albert Z. Levin, Esquire, counsel for the defendant, be awarded the

total sum of $16,958.51 as and for attorney's fees and costs, the Court finding that such amount is appropriate.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Jose E. Martinez. See 28 U.S.C. §636 (1991). Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 29th day of April 2014.

_____
BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE